UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TORI SAUNDERS,

                              Plaintiff,

            v.                                                  9:20-CV-1104
                                                                             (GLS/CFH)
LUDWIG et al.,

                              Defendants.
_____

APPEARANCES:

TORI SAUNDERS
17-A-1258
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

Pending before the Court is plaintiff's motion seeking relief from the Judgment of dismissal entered April 21, 2021, upon plaintiff's failure to file an amended complaint, and asking that this case be reopened. Dkt. No. 16. For the reasons set forth below, plaintiff's motion is denied.

## I.    RELEVANT BACKGROUND

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 in September 2020, asserting claims arising out of a series of incidents that occurred on May 8, 2017, while plaintiff was confined in Clinton Correctional Facility. *See* Dkt. No. 1. Upon review in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), the Court issued a

Decision and Order concluding that plaintiff's claims were barred by the applicable statute of limitations. Dkt. No. 8 ("December Order"). In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint curing the pleading deficiencies detailed in the December Order. *Id*. at 10-11.

Plaintiff thereafter sought two extensions of the deadline to file an amended complaint, *see* Dkt. Nos. 9, 11, both of which were granted. Dkt. Nos. 10, 12. On March 1, 2021, plaintiff filed a letter with the Court, which, when liberally construed, purported to offer a basis for concluding that his causes of action were subject to the doctrine of equitable tolling. Dkt. No. 13. Plaintiff's letter, however, was not a complete pleading and did not comply with the December Order directing plaintiff to file a complete and signed amended complaint. *See* December Order at 10 ("Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading[.]"). Out of special solicitude to plaintiff's pro se status, the Court sua sponte granted plaintiff an additional thirty days to file an amended complaint and warned plaintiff that it was his "**FINAL** opportunity to file an amended complaint in accordance with the Court's December Order." Dkt. No. 14. That new — and final — deadline to file an amended complaint was set for April 9, 2021. *Id.*

On April 21, 2021, having not received an amended complaint from plaintiff (or any further communications from him), the Clerk entered Judgment dismissing the action pursuant to the Court's previous Orders. Dkt. No. 15. The Court received plaintiff's pending motion for reconsideration on May 26, 2021. Dkt. No. 16.

## II. DISCUSSION

### A. Relevant Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted.  Specifically, a court may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void;[1] (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief.  *Id*.  "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Esposito v. New York*, No. 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (internal quotation marks omitted).  Rule 60(b) provides "extraordinary judicial relief" that should be granted "only upon a showing of exceptional circumstances." *Barton v. Troy Annual Conf.*, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011).  It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate.  *See Espinosa,* 559 U.S. at 2701; *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citing *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986)).

### B. Analysis of Plaintiff's Motion

In his letter motion, plaintiff explains that he missed the Court's several deadlines to

---

[1] A judgment is void under Rule 60(b)(4) when it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).  "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Espinosa*, 559 U.S. at 270.

3

file an amended complaint because he was in the special housing unit at his prison facility and/or the mental health observation unit and did not have access to the law library or assistance. Dkt. No. 16 at 1-2. With due regard to plaintiff's pro se status, although he expresses his desire to pursue this action, plaintiff does not identify in his motion the specific grounds upon which he relies in seeking relief pursuant to Rule 60(b), and the motion may be denied for this reason alone. Out of an extraordinary extension of special solicitude to the plaintiff as a pro se litigant, the Court has nevertheless considered whether his motion affords a basis for relief pursuant to Rule 60(b)(6),[2] and concludes that it does not. Plaintiff has not made any showing of "exceptional circumstances" warranting the extraordinary relief provided by Rule 60(b).

Upon due consideration, the Court finds that this action was properly dismissed and that plaintiff has not established that relief from the Judgment is warranted under Rule 60(b). *See, e.g.*, *Conte v. State Univ. of N.Y.*, No. 19-CV-2876, 2020 WL 8834772, at *2 (E.D.N.Y. June 18, 2020) (denying the pro se plaintiff's motion for reconsideration of the Court's order dismissing the action because the plaintiff had failed to comply with several court orders); *Zappin v. Doyle*, No.14-CV-8837, 2018 WL 2376907, at *1-2 (S.D.N.Y. May 18, 2018) (denying the pro se plaintiff's motion for reconsideration of the Court's order dismissing the action where the plaintiff had violated a series of court orders).

III.   **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for relief from the Judgment (Dkt. No. 16) is **DENIED**;

---

[2] There is no basis in the record upon which plaintiff could seek relief pursuant to any of the other subparagraphs of Rule 60(b).

and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED.**

June 17, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge